UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH W. SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 09-1198 |
| | ) | |
| COLLECTION PROFESSIONALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This matter is now before the Court on Defendant's Motion for Sanctions pursuant to both the Fair Debt Collection Practices Act and 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the costs of this litigation. Plaintiff has filed his response, and this Order follows.

### DISCUSSION

Title 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Seventh Circuit has clarified the conduct that implicates this standard by holding, "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." In re TCI, Ltd., 769 F.2d 441, 445 (7th Cir. 1985). There is a split of authority on whether a pro se litigant can be sanctioned under § 1927, and the Seventh Circuit has not yet taken a position on this issue. However, the Seventh Circuit has made clear that regardless of whether § 1927 can be applied to pro se litigants, the Court nevertheless has the inherent authority to award sanctions for conduct that

needlessly and vexatiously multiplies the costs of litigation, as well as under the auspices of 15 U.S.C. § 1692k(a)(3).  Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997), *citing* Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

In support of its Motion, Defendant notes Plaintiff's attempt to add defense counsel as defendants in his FDCPA proceeding and continual efforts to obstruct the orderly progression of this litigation.  Defendant also cites more than 100 emails from Plaintiff containing repeated demands for that purport to require response within hours, statements that could reasonably be construed as threats against defense counsel, commands that defense counsel not attempt to communicate with him in any manner (which prompted intervention by the Court to advise Plaintiff that he could not continue to prosecute this litigation in the absence of communication with defense counsel), and insinuations suggesting that Plaintiff has a relationship with the Court that entitles him to special treatment.

Plaintiff's response does little to dispel or provide justification for the harassing and inappropriate behavior that is evident from the plain test of his own emails.  Rather, he attempts to shift the blame to defense counsel, stating that they never asked him for a certain number of hours to respond to settlement requests, never asked him to refrain from his emails, and could have avoided his latest attempt to amend the complaint had they responded to his request to provide him with case law proving that defense counsel were not debt collectors themselves.

The Court does believe that Plaintiff has behaved inappropriately in his contacts with defense counsel in this litigation and that his conduct could be fairly characterized as harassing or multiplying the costs of this litigation.  Such conduct will not be tolerated by

this Court. It is also worth noting that although he is proceeding pro se, this is not Plaintiff's first trip to the rodeo so to speak; he has represented himself in numerous actions in the Central District of Illinois over the last few years and should be well aware of the conduct that is expected of him. As such, an award of sanctions under § 1927 or the Court's inherent authority would be appropriate. However, the Court declines to sanction him at this time so that he may be fully and clearly educated as to the potential consequences of continuing to engage in this type of behavior.

The Court will not continue to allow Plaintiff to flout the Federal Rules of Civil Procedure and rules of conduct before this Court because of his pro se status. Plaintiff is hereby placed on notice that uncivil, threatening, and vexatious conduct intended to obstruct the orderly progression of litigation will not be tolerated. Plaintiff should also have a very clear understanding that any future conduct of this nature that is brought to the Court's attention will result in the immediate imposition of monetary sanctions by the Court, as well as the issuance of an order barring him from any future filings in this District until such sanctions are paid. See Alexander, 121 F.3d at 316.

Defendant's Motion for Sanctions [#41] is therefore DENIED at this time.

ENTERED this 12th day of February, 2010.

                                                              s/ Michael M. Mihm
                                                              Michael M. Mihm
                                                              United States District Judge