# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Kenneth W. Simmons, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-CV-1198 |
| Collection Professionals, Inc., | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff, proceeding *pro se*, pursues a Fair Debt Collection Practices Act claim based on Defendant's alleged failure to cease communications regarding a debt. Before the Court are motions by *pro se* Plaintiff to amend his complaint (d/e 54), to enforce a settlement (d/e 61), and for sanctions (d/e 66).

Plaintiff alleges that Defendant, a debt collector, contacted Plaintiff about a debt in May, 2009. Plaintiff responded with a letter denying the debt and directing Defendant to cease further communications regarding the debt. Despite that direction, the next month Defendant allegedly sent another letter to Plaintiff regarding the debt, received on June 6, 2009,

which Plaintiff contends violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*[1]

## Plaintiff's Motion to Amend

Plaintiff's motion to amend (d/e 54) seeks to add a "state common law claim of disorderly conduct in that Defendant's actions of contacting me violated ILCS." (d/e 54).  In particular, "Defendant's chairperson/president and employee Jan/John Doe violated 720 ILCS 5/26-1(a)(1) in that Defendant's unreasonable actions on 6-6-09 disturbed me."  (d/e 54, p. 2, ¶ 10).  Defendant objects on grounds of futility, bad faith, undue delay and prejudice.

Leave of Court is required to amend the Complaint, since Defendant has filed an Answer and more than 21 days has passed since Plaintiff served his Complaint.  Fed. R. Civ. P. 15(a)(1)-(2).  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(b).  However, leave is not required if there is "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment

---

[1] Defendant has filed a motion for summary judgment (d/e 57) disputing any FDCPA violations, but that motion is not presently before the Court. For purposes of this recommendation only, the Court accepts Plaintiff's allegations as true.

would be futile." Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 860 (7th Cir. 2001), *citing* Foman v. Davis, 371 U.S. 178, 182 (1962).

The addition of this state claim would be futile because a civil action for damages does not exist under 720 ILCS 5/26-(a)(1). This section is part of the Illinois Criminal Code, defining the elements of disorderly conduct and proscribing a range of punishments that can be meted out by the State. It does not provide for any private civil right of action or for any civil liability, and the Court's research has revealed no arguable legal basis for implying a private right of action. Nor has the Court's research uncovered any common law tort claim for "disorderly conduct" based on a debt collector's letter.

Further, even if Plaintiff sought to amend his Complaint with a viable state claim, the Court would recommend denial based on undue delay and unfair prejudice. Plaintiff filed this case over one year ago, and Defendant has filed a summary judgment motion based on what appears to be largely undisputed facts. Allowing a new claim now would require Defendant to file a new summary judgment motion, which would prejudice Defendant and would only unnecessarily prolong the resolution of this case.

The Court will therefore recommend that Plaintiff's motion to amend be denied.

Plaintiff's Motions to Enforce Settlement Agreement and for Sanctions

Plaintiff also moves to enforce a purported settlement agreement (d/e 61).  When considering a motion to enforce settlement agreement, a court must first determine whether it has jurisdiction over the dispute.  See Allstate Financial Corp. v. Utility Trailer of Illinois, Inc., 936 F.Supp. 525, 527 (N.D.Ill. 1996).  In this case, there is no doubt that the Court has jurisdiction over this matter as the case is still pending before the Court.

Since settlement agreements are essentially interpreted as contracts, courts apply ordinary contract construction principles determining the bounds of the settlement agreement.  See U.S. v. Rand Motors, 305 F.3d 770, 774 (7th Cir., 2002);  Allstate Financial Corp., 936 F.Supp. at 527. Courts must ascertain the parties' intent by construing the settlement agreement according to the plain and obvious meaning of its terms.  See Eichengreen v. Rollins, Inc., 325 Ill.App.3d 517, 521, 259 Ill.Dec. 89, 757 N.E.2d 952, 956 (2001).  In addition, the Seventh Circuit in Higbee v. Sentry Insurance Co., 253 F.3d 994 (7th Cir., 2001) found that confidentiality clauses, nondisparagement clauses, and release provisions

were material terms.  Was there a meeting of the minds and an agreement as to all material terms of the purported settlement?  The Plaintiff says yes - the Defendant says no.

The Court agrees with Defendant that no settlement agreement has been reached.  It is clear from the parties' e-mails to each other that settlement negotiations ensued and that the parties may have agreed on the general parameters of a settlement.  (d/e 66-1, Group Exhibit 1 (e-mails)).  However, it is also clear that the parties could not and did not agree to the material particulars of that settlement.  Primarily, they could not agree on the language and scope of the release to be provided from Plaintiff to Defendant.  Plaintiff believes that his release, incorporated in his proposed motion to voluntarily dismiss the case with prejudice, was sufficient to comply with Defendant's requirement of a general release, but Defendant rejected that idea, instead seeking a separate and broader release.

Since the parties could not agree on the specifics of this material component of the settlement agreement, there was no meeting of the minds and therefore no agreement to enforce.  It is up to the parties during settlement negotiations to determine the wording of and scope of the

release and to agree on same for there to be an enforceable agreement herein.

The Court will therefore recommend that Plaintiff's motion to enforce settlement be denied. Given this recommendation, Plaintiff's motion for sanctions (d/e 66) for Defendant's failure to adhere to the purported settlement should also be denied.

WHEREFORE, the Court RECOMMENDS that Plaintiff's motion to amend (d/e 54), motion to enforce settlement agreement (d/e 61), and request for sanctions (d/e 66) be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   June 25, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE