UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS, )
)
    Petitioner, )
)
v. ) Case No. 09-1198
)
COLLECTION PROFESSIONALS, INC., )
)
    Defendant. )

# O R D E R

On June 25, 2010, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that.  Plaintiff has filed a timely response to the Report & Recommendation, and this Order follows.  For the reasons set forth below, the Court adopts the Report & Recommendation [#68], denies the Motion to Amend [#54], denies the Motion to Enforce Settlement [#61] and denies the Motion for Sanctions [#66].

## BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here.  Suffice it to say that this action arises out Plaintiff's claim that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  In the Report & Recommendation, the Magistrate Judge recommends that the Motion to Amend, Motion to Enforce Settlement, and Motion for Sanctions all be denied.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.  *See* Fed. R. Civ. P. 72(b).

"The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## DISCUSSION

Plaintiff objects to the portion of the Report & Recommendation finding that the settlement should not be enforced, because while general parameters of a settlement may have been agreed upon, the record makes clear that the parties did not agree to the material particulars of the settlement. Plaintiff argues that there was an offer and acceptance, but that Defendant then sought to "broaden" the terms in bad faith. However, Plaintiff's own objection reveals the correctness of the Magistrate Judge's finding that there was no meeting of the minds, as Plaintiff admits, "Of course there was no meeting of the minds concerning MTCO, in fact the Attorney of record mislead me." (Plaintiff's Objection at 1)

It is clear that the parties had differing views of the release that was to be provided. The language and scope of any release to be provided is a material component of the settlement. Absent an agreement in this respect, the Court agrees with the Magistrate Judge that there was no meeting of the minds regarding settlement and therefore, no agreement to enforce. Plaintiff's objection is therefore overruled. Although not specifically objected to by Plaintiff, the Court further concurs that the requested amendment to the Complaint would be futile as there is no private civil action for damages pursuant to 720 ILCS 5/26-(a)(1) and that as a result of the Court's ruling on the Motion to Enforce Settlement, the Motion for Sanctions is effectively moot.

**CONCLUSION**

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#68] of the Magistrate Judge in its entirety.  Accordingly, the Motion to Amend [#54] is DENIED; the Motion to Enforce Settlement [#61] is DENIED; and the Motion for Sanctions [#66] is also DENIED.

Plaintiff's Motion for Hearing [#70] is DENIED, and the Court cautions Plaintiff not to continually attempt to base his arguments on what might have occurred in his prior cases, as each case is different and warrants individual consideration and treatment.  This matter will proceed to ruling on the pending Motion for Summary Judgment once it is fully briefed in accordance with the schedule set by the Magistrate Judge in his May 18, 2010, Order.

ENTERED this 29th day of June, 2010.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge